STATE EX REL. WITKOWSKI, Respondent, vs. GORA, Appellant.

*March 9—April 3, 1928.*

*Schools: Member of school board: When vacancy occurs: Removal of incumbent to another ward in city.*

1. The office of member of a school board acting for the school district for which he was elected and within which the duties of the office are required to be discharged, becomes vacant if the member ceases to be an inhabitant of the school district, but not on his removal from the ward from which he was elected to another in a city having identical territorial limits with the school district.   p. 518.
2. Notwithstanding the city and the school district include identically the same territory, they are distinct and independent entities.   p. 518.
3. A ward is a local geographical subdivision of a city or village, and the territory comprising a ward may also form a geographical subdivision of a school district.   p. 518.

APPEAL from a judgment of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Affirmed.*

The appeal is from a judgment adjudging the defendant as a usurper of the office of member of the school board of the city of Cudahy, and determining that the relator is entitled to the office and the emoluments thereof.   The action was begun September 2, 1927.   Judgment was entered October 26, 1927.

Action of *quo warranto.*   The territorial limits of the city of Cudahy and school district No. 1 of said city are identical. Such school district was organized and exists under the general laws of the state of Wisconsin relative to school districts.   The school district has a school board, consisting of seven members, three of whom are, respectively, the director, treasurer, and clerk.

On April 6, 1926, the plaintiff was duly elected a member of the school board of district No. 1 from the Fourth ward

of the city of Cudahy, for a term of two years, commencing July 7, 1926. His election, pursuant to law, resulted from the vote of the electors of the entire district, and not solely from those residing in the Fourth ward of said city. Thereafter, on July 8, 1927, and while the relator was acting as a member of such school board, he removed from the Fourth ward to the Third ward of said city. On July 15, 1927, the school board by a vote of its members declared the office held by the relator as vacant, and elected the defendant as a member from the Fourth ward. This action was thereupon brought to determine the right to hold the office of member of the school board of the city of Cudahy, and to declare the defendant a usurper of the office and the relator as the person entitled to hold the office.

The cause was submitted for the appellant on the brief of *George C. Stetson* and *John J. Fleming,* both of Milwaukee, and for the respondent on that of *Rubin, Zabel & Rouiller* of Milwaukee.

DOERFLER, J. Sec. 40.17 (1) of the Statutes provides, in part, as follows: "The officers of the district shall be a director, treasurer and clerk, who shall be residents of the district and hold their respective offices for three years and until their successors have been elected or appointed." Sec. 40.18 defines the duties of the director of the school district. Sec. 40.24 provides that the director, treasurer, and clerk shall constitute the district board. Sec. 40.46 provides:

"*Increase of membership of board.* (1) Any school district containing within its boundaries a city in which a high school is maintained and which expends annually in the maintenance of its schools, a sum exceeding four thousand dollars, may, upon determining so to do by the vote of the electors present at any annual school meeting, have a district board, comprising seven members, which shall be known as a school board of the city comprising in whole or in part such district, three of whom shall be respectively the director, treasurer and clerk, who shall each discharge the sepa-

rate duties now imposed upon such officers by law, and shall be elected and hold office for the term now provided by law, and no two of whom shall be residents of the same ward in such city or town or part of a town in such district until each ward, or such town or part of a town shall have at least one member on such board. Where such school district and city are identical in territory the members of the district board shall be chosen one from each ward of such city in the order in which the wards are numbered until the full number is chosen; and in case such district has fewer than seven divisions additional members shall be chosen from the district at large."

Sec. 17.03, in part, provides as follows:

"*Vacancies, how caused.* Any public office, including offices of cities, villages and school districts, however organized, shall become vacant upon the happening of either of the following events:

"(1) The death of the incumbent.

"(2) His resignation.

"(3) His removal.

"(4) His ceasing to be an inhabitant of this state; or if the office is local, his ceasing to be an inhabitant of the district, county, city, village, town, ward or school district for which he was elected or within which the duties of his office are required to be discharged; and in the case of a school district officer, and in addition to the foregoing, his being and remaining absent from the district for a period exceeding sixty days."

The foregoing statutes must be taken into consideration in determining the question involved in this case. The issue is narrow, and its solution depends upon a proper construction of the statutes, in an effort to determine the legislative intent. It is the relator's claim that he was elected a member of the school board from the Fourth ward and that he was a resident of such ward at the time of his election; that he was not an officer *of* the ward, but was elected *from* the ward; that his office did not confer upon him special rights and duties in the administration of the school laws applicable to the Fourth ward of the city of Cudahy, but

that as such member he represented the entire district. On the other hand, the defendant contends that the statute requires not only that a member must reside in a given ward at the time of his election, but that he must continue to be a resident of the ward from which he was elected during the entire term of his office, and that when he removes from the ward from which he was elected, during his term of office, into another ward, the office becomes vacant and the successor nominated and elected by the school board becomes the lawful incumbent of the office.

It would appear to us that the provisions of sec. 17.03 of the Statutes, above quoted, are decisive of the issue here involved, particularly paragraph (4) thereof. The relator held a local office, viz. that of member of the district board known as the school board. In the discharge of his duties he acted for the *school district for which he was elected* and within which the duties of his office are required to be discharged. If a member is one of the three school district officers, that is, either the director, treasurer, or clerk, a vacancy also occurs in the office if he remains absent from the district for a period exceeding sixty days. Such additional reason as is provided for by paragraph (4), and which refers to the school district officers only, is made a part of the statute for the evident reason that a long absence from the district has a tendency to operate detrimentally to the transaction of the important business of the district.

Here is also to be noted the language of the statute which operates to produce a vacancy where the absence is from the district, not from the ward. · It must also be observed that the portion of sec. 17.03 above quoted refers to offices of cities, villages, and school districts, *however organized.* While the city of Cudahy and the school district include identically the same territory, nevertheless they are distinct and independent entities. A *ward* is a local geographical subdivision of a city or village. The territory comprising a ward may also form a geographical subdivision of a school

district. In other words, as the territory of a city or village may be identical with the territory of a school district, so a ward of a city or village may be identical in territory with the geographical subdivision of a school district. The legislature when it uses the language in sec. 40.46, "the members of the district board shall be chosen one from each ward," and when it uses the language in paragraph (4) of sec. 17.03, "or if the office is local, his ceasing to be an inhabitant of the district, county, city, village, town, ward or school district for which he was elected," makes a clear differentiation between the words "from" and "for." This indicates that the legislature was fully aware of the ordinary and customary meaning of these words as used in common parlance. In any event, if the law-making body had intended a different meaning, its intention could readily and easily have been expressed. It thus becomes clear to our mind that the office of member of the district board becomes vacant if the member ceases to be an inhabitant of the *district,* and not of the *ward.*

Other cogent reasons might be assigned and referred to to sustain the ruling of the court below, but it would appear to us that the foregoing are sufficient and adequate.

*By the Court.*—Judgment affirmed.